## HELENA BAKER v. MARIA E. LEIBERT.

ERROR TO THE COURT OF COMMON PLEAS OF NORTHAMPTON COUNTY.

Argued March 15, 1889—Decided March 25, 1889.

[To be reported.]

1. Where proceedings in partition of a decedent's lands, instituted upon the petition of all parties in interest, have terminated in a decree by which the lands are parted and divided and the interest of the widow of a deceased heir at law is ascertained and charged, such widow is entitled to enforce payment thereof by warrant of distress, under § 41, act of March 29, 1832, P. L. 202.

2. It may be safely stated as a general proposition, that where the dower of the widow is lawfully assigned or secured to her, whether by the Orphans' Court, the Court of Common Pleas, or by the agreement of the parties in interest, the dower or annual interest due the widow may be recovered by distress: Borland v. Murphy, 4 W. N. 472; Murphy v. Borland, 92 Pa. 89; Evans v. Ross, 107 Pa. 231: per Mr. Chief Justice PAXSON.

Before PAXSON, C. J., CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 296 January Term 1889, Sup. Ct.; court below, No. 7 December Term 1885, C. P.

On October 14, 1885, a writ of replevin issued in a suit by R. W. Leibert and Maria E. Leibert his wife, in right of said wife, against Helena Baker and C. B. Mayberry. Issue was joined upon the defendants' plea of avowry and cognizance.

At the trial on September 17, 1888, it appeared that early in October, 1885, Helena Baker widow of Charles Henry Knauss, issued a warrant of distress to C. B. Mayberry, bailiff, for the distraint of the goods and chattels of Maria E. Leibert, for arrearages of dower interest charged upon the premises accepted by the latter in certain partition proceedings. The warrant of distress having been executed, the plaintiffs brought this action. When the testimony had all been received, an agreement of the parties was filed, submitting the cause to the decision of the court without a jury, under the act of April 22, 1874, P. L. 109.

On January 14, 1889, the court, REEDER, J., filed the following decision:

This case was called for trial on September 17, 1888. After the testimony closed it was agreed in writing filed of record by the plaintiffs and defendants that a juror should be withdrawn, and the trial by jury dispensed with, and the cause be submitted to the judgment of the court, in accordance with the provisions of the act of assembly, approved April 22, 1874.

Charles L. Knauss, of the borough of Bethlehem, died in 1859, seised of several pieces of real estate, situate in the borough of Bethlehem. He left surviving him a widow, Matilda L. Knauss; two sons, Cornelius M. Knauss and C. Henry Knauss; and one daughter, Maria E., intermarried with

Decision of Court below.

Richard W. Leibert. C. Henry Knauss, intermarried with Helena Baker, died in 1866, leaving to survive him a widow, the defendant, and a daughter, Mary M. Knauss. Matilda L. Knauss, the widow of Charles L. Knauss, died in 1871. Cornelius M. Knauss was appointed guardian of Mary M. Knauss, a minor child, daughter of C. Henry Knauss, by the Orphans' Court of this county. In 1872 a petition was presented to the Orphans' Court, signed by all the parties in interest, praying for the partition of the real estate of which said Charles Knauss was seized at the time of his death. Commissioners were thereupon appointed, who reported that the real estate could not be divided, and they valued and appraised the same. Purpart No. 1, the real estate affected by this issue, was appraised at twelve thousand dollars. Maria E. Leibert accepted this purpart No. 1, at said valuation of twelve thousand dollars, and entered into recognizances in the sum of twenty-four thousand dollars to pay to the other heirs their just share of the consideration money. Helena Baker, the widow of C. Henry Knauss, and the present defendant, was entitled to receive ($79.06) seventy-nine dollars and six cents, annually, on account of her interest in the said purpart No. 1, as the widow of C. Henry Knauss, one of the sons of Charles L. Knauss. Maria E. Leibert, who accepted purpart No. 1, never paid to Helena Baker any of the said interest to which she was entitled by virtue of the decree of the Orphans' Court. In October, 1885, the said Helena Baker signed and delivered a warrant of distress to Charles Mayberry, the other defendant in this issue, who distrained all the goods on the premises which constituted purpart No. 1 of Charles L. Knauss's estate. On October 14, 1885, a writ of replevin was issued from the Court of Common Pleas. The sheriff of Northampton county, by virtue of this writ, replevied the goods thus distrained by Charles Mayberry, as the bailiff of Helena Baker, and this issue is to try the right of possession to these goods thus replevied.

The principal legal question involved in this trial is whether Helena Baker could distrain for the interest due her under the decree of the Orphans' Court.

It is provided by the act of March 29, 1832, § 41, P. L. 202, as follows: "Should the widow of the decedent be living at the time of the partition, she shall not be entitled to payment

of the sum at which her purpart or share of the estate shall be valued, but the same, together with interest thereof, shall be and remain charged upon the premises; and the legal interest thereof shall be annually and regularly paid by the persons to whom such real estate shall be adjudged, their heirs and assigns holding the same, according to their respective portions, to the said widow during her natural life, in lieu and full satisfaction of her dower at common law and the same may be recovered by the widow by distress or otherwise, as rents in this commonwealth are recoverable."

[There is no doubt in my mind that the provisions of this act apply only to the widow of the decedent whose estate is the subject of proceedings in partition, and cannot be applied to the widow of an heir dying after the original owner. These proceedings were all in Charles L. Knauss' estate. The petition was for the partition of the real estate of which Charles L. Knauss died seised. If the widow of Charles L. Knauss had been living her interest could have been set apart under the act of 1832, and she would undoubtedly have had the right to distrain for the arrearages of interest due; but we do not believe this right belongs to the widow of an heir dying before partition.] [4]

We are confronted at this point and embarrassed by the proceedings in the Orphans' Court upon that petition. In 1872, when the petition was filed in which Helena Baker, Maria E. Leibert and Richard W. Leibert, as well as all the other heirs joined, it set forth that Charles L. Knauss had died seised of real estate therein described; that he left surviving him a widow who had since died; two sons, one of whom had since died, leaving to survive him a widow and child; that C. M. Knauss had been appointed guardian of the deceased brother's child, and a daughter, Maria E. Leibert. After the commissioners had reported that the real estate could not be divided, and had valued and appraised the same, the parties appeared in open court, and Maria E. Leibert accepted purpart No. 1, at the valuation, viz.: twelve thousand dollars. Thereupon the court made a decree "confirming unto Maria E. Leibert, her heirs and assigns forever" said purpart No. 1, and directing her to enter into certain recognizances, among others, "unto the widow of C. Henry Knauss, for her yearly interest of the

Decision of Court below.

one third of the share and dividend due and coming to the said Matilda M. Knauss." With the regularity or irregularity of these proceedings we have nothing to do here. They were the proceedings of the Orphans' Court, which is a court of record, whose proceedings cannot be questioned in a collateral proceeding. All the parties in interest took part in the proceedings from the filing of the petition, down, without exception or objection. All interested were represented, and we doubt, even if we had the power to review the proceedings in the Orphans' Court thus collaterally, whether we would have the right under such circumstances.

This brings us then to the consideration whether the arrearages of interest upon this recognizance as given, can be made the subject of distraint. We think not. Distress is not the remedy by which arrearages of interest upon all recognizances given in accordance with the act of 1832 can be recovered. By the act itself that remedy is limited to recognizances given to the widow of the decedent. The decedent was Charles L. Knauss. His widow was the only one within the provisions of the 41st section of the act of 1832. The widow of a deceased son was not. Her remedy was upon the recognizance, and not by writ of distress.

Nor does the act of April 24, 1843, § 8, apply to a case such as this. That does not contemplate proceedings in partition of the original decedent's real estate, but where the proceedings are between co-parceners or tenants in common. The proceedings in virtue of which Maria E. Leibert took the title were under the act of 1832, and not that of 1843, and her rights must be determined by a construction of the former act. Whether this petition could have been presented by the heirs of Charles L. Knauss, as tenants in common, under the act of 1843, and what would have been Helena Baker's rights had that course been pursued, is a question that we are not called upon to decide here. The fact is, that it was not so presented. The petition was filed by the heirs of Charles L. Knauss for the partition of Charles L. Knauss' real estate. The petition was presented, and the proceedings were therefore under the act of 1832 and not under the act of 1843; and the rights of the parties must be determined by the provisions of the former act.

Now, January 14, 1889, judgment entered in favor of plaintiffs, unless defendants file exceptions within thirty days.

Arguments.

To the foregoing decision the defendants filed exceptions that, inter alia, the court erred:

3. In concluding as a matter of law that the right of distress was not incident to the defendant, Helena Baker; the said Helena Baker being the widow of C. H. Knauss, deceased, who was the son of C. L. Knauss, deceased, the former being dead when partition was made of the lands of the latter.[3]

4. In not finding as a fact that partition was made of the estate of C. H. Knauss, under the proceedings to have partition of the estate of C. L. Knauss.[5]

5. In directing judgment to be entered for the plaintiffs and not for the defendants.[6]

On January 15, 1889, after argument, the foregoing exceptions were dismissed and judgment entered for the plaintiffs. Thereupon the defendants took this writ, specifying that the court erred inter alia:

3. In the dismissal of defendants' third exception.[3]

4. In the conclusion of law embraced in [ ][4]

5. In the dismissal of defendants' fourth exception.[5]

6. In the dismissal of defendants' fifth exception.[6]

*Mr. Henry W. Scott* and *Mr. T. B. Metzgar* for the plaintiffs in error:

1. In 1872 the petition of all the heirs of C. L. Knauss, including Helena Knauss (now Baker), widow of C. H. Knauss, was presented to the Orphans' Court for the partition of the estate. The widow of C. H. Knauss was at that time dowable out of the one third undivided interest therein. She could have sued out her writ of dower to have it assigned out of the estate vested in her husband at the time of his death: Brown v. Adams, 2 Wh. 188. She had such an interest that she could have petitioned the Orphans' Court for partition of the lands descended from C. L. Knauss, under § 36, act of March 29, 1832, P. L. 202, although her husband was not in possession and not sole seised: Cote's App., 79 Pa. 235.

2. It is found as a fact by the court, that "all parties in interest took part in the proceedings from the filing of the petition down, without exception or objection; all interested were represented." It is also found as a fact that the Orphans' Court made

Arguments.

a decree confirming unto Maria E. Leibert, the acceptant, her heirs and assigns forever, purpart No. 1, and directed her to enter into recognizance to the widow. of C. H. Knauss for "her yearly interest of the one third of one share of the valuation money aforesaid." This decree in the Orphans' Court was made by a court having jurisdiction and was conclusive in this proceeding: Merklein v. Trapnell, 34 Pa. 42; Dresher v. Water Co., 52 Pa. 225; Evans v. Ross, 107 Pa. 231.

3. The remedy on the recognizance was only cumulative, not exclusive : Hillbish's App., 89 Pa. 496; Evans v. Ross, 107 Pa. 231. The right of distress, also, is expressly conferred upon the widow of an intestate, partition of whose lands is being made, by § 41, act of March 29, 1832, P. L. 202; and upon the widow of a tenant in common by § 8, act of April 24, 1843, P. L. 360. It is also of common law right, " where rent is granted to a widow out of lands of which she is dowable, in lieu of dower : the law considers the rent or owelty, in such cases, a charge of common right, because a valid consideration, that is, a right that the party had in the lands charged, has been given for it, and therefore the law gives a remedy by distress for the recovery of it :" Shouffler v. Coover, 1 W. & S. 411; Gilbert on Rents, 20. So, where the Court of Common Pleas, having concurrent jurisdiction with the Orphans' Court, awards an annual sum in lieu of dower, distress is incident to it : Borland v. Murphy, 4 W. N. 472; Murphy v. Borland, 92 Pa. 89.

*Mr. Robert L. Cope*, for the defendants in error :

1. The party designed to be protected by the acts granting the speedy remedy of distress, is " the widow of the decedent" whose estate is the subject of partition and who died sole seised of the premises. " The provisions of the acts of assembly relating to proceedings in the Orphans' Court extend no further than to regulate the first descent:" Hay's App., 52 Pa. 449; McCune's App., 65 Pa. 451; Pennell's App,, 20 Pa. 515. The first descent is the descent from one who died seised of the land: Barley v. Ziegler, 16 W. N. 219. The widow of an heir of the decedent belongs to the second descent. She takes nothing of the estate of her husband's father, and her interest in her husband's real estate vests only after his death: Kean v. Ridgway, 16 S. & R. 60; Martin's Est., 1 Chester Co. 512.

2. It follows that the legislature did not intend to grant this arbitrary and extraordinary remedy of collecting a debt, to any one but the widow of a decedent who died sole seised of the premises.   A widow of a co-tenant may have dower in the undivided share of her deceased husband, but there is no provision for a right of distress, except in § 8, act of April 24, 1843, P. L. 360.   But that act gives this remedy only in the manner prescribed, and its provisions must be pursued.   And that act is superseded by the act of March 13, 1847, P. L. 319, which provides that the interest of a tenant in common or joint owner shall be valued and returned undivided, and upon the return thereof the proceedings shall be as in other cases. But what of the widow's share in such undivided interest? Can it be charged upon the premises as a whole, and the goods of a co-tenant be distrained upon for arrears ?

OPINION, MR. CHIEF JUSTICE PAXSON:

The right of a widow to recover her arrearages of dower by distress is as old as the common law.   This remedy is allowed " where rent is granted to a widow out of lands, of which she is dowable, in lieu of dower: the law considers the rent or owelty in such cases a charge of common right, because a valuable consideration, that is, a right that the party had in the lands charged has been given for it, and, therefore, the law gives a remedy by distress for the recovery of it: " Shouffler v. Coover, 1 W. & S. 400; citing Litt., §§ 58, 213, 214, 216; 1 Inst. 47 a, 142 a, 169 b; Gilbert on Rents, 20.   The act of 29th March, 1832, P. L. 202, provides as follows: " Should the widow of the decedent be living at the time of the partition, she shall not be entitled to payment of the sum at which her purpart or share of the estate shall be valued, but the same, together with interest thereof, shall be and remain charged upon the premises, and the legal interest thereof shall be annually and regularly paid by the persons to whom such real estate shall be adjudged, their heirs and assigns holding the same, according to their respective portions, to the said widow during her natural life, in lieu and full satisfaction of her dower at common law, and the same may be recovered by the widow by distress or otherwise, as rents in this commonwealth are recoverable."   It will thus be seen that where the widow's

interest in real estate is secured by recognizance in cases of partition, the remedy by distress is given.

I think it may be safely stated as a general proposition, that where the dower of the widow is lawfully assigned or secured to her, whether by the Orphans' Court, the Court of Common Pleas, or by the agreement of the parties in interest, the dower or annual interest due the widow may be recovered by distress: Murphy v. Borland, 92 Pa. 89; Borland v. Murphy, 4 W. N. 472; Evans v. Ross, 107 Pa. 231. The learned judge below held that the widow of C. H. Knauss was not entitled to distrain for her arrears of dower, for the reason that she was not the widow of Charles L. Knauss whose estate was the subject of the partition, but the widow of one of the heirs upon whom the descent had been cast by the death of the said Charles L. Knauss, and that the act of 1832 only gave the right of distress to the widow of the person who died seised, and whose real estate is being partitioned. If this were all there was in the case we might be disposed to adopt the view of the court, but we learn from the opinion of the learned judge that "in 1872 a petition was presented to the Orphans' Court, signed by all the parties in interest, praying for the partition of the real estate of which Charles L. Knauss was seised at the time of his death. Commissioners were thereupon appointed, who reported that the real estate could not be divided, and they valued and appraised the same. Purpart No. 1, the real estate affected by this issue, was appraised at $12,000; Maria E. Leibert accepted this purpart No. 1 at said valuation of $12,000, and entered into recognizances in the sum of $24,000 to pay to the other heirs their just share of the consideration money. Helena Baker, the widow of C. Henry Knauss, and the present defendant, was entitled to receive $79.06 annually on account of her interest in the said purpart No. 1, as the widow of C. Henry Knauss, one of the sons Charles L. Knauss." It thus appears that not only the estate of Charles L. Knauss was parted and divided by these proceedings, but the dower interest of the widow of Charles H. Knauss in the real estate of her deceased husband was also ascertained. There was a partition within a partition, or, to speak more accurately, a subpartition in which the dower of the widow of an heir was ascertained. That such partition could have been lawfully made upon the petition of the latter, admits of no doubt.

When Charles L. Knauss died, the descent was cast upon his son Charles H. Knauss of an undivided interest in his father's real estate. That interest was the subject of partition upon the petition of Charles H. during his life, or of his widow after his death. In the latter case the partition would have been of the estate of Charles H. Knauss, and his widow would have the right to distrain by the terms of the act of 1832. The partition proceedings as they stand were perhaps irregular. They were not void, however, nor are they even voidable. It appears by that record that the Orphans' Court had jurisdiction, and that all persons in interest were parties to the proceeding. Even if the partition were voidable it could not be questioned in this collateral proceeding. It was a valid partition not only of the real estate of Charles L. Knauss, but also of the estate of C. H. Knauss, in which the dower interest of his widow was ascertained. I am unable to see, therefore, why she has not the right to distrain under the act of 1832. If this were not so, the right of distress is a common law incident to dower whenever such dower is lawfully fixed and ascertained, either under the act of assembly or by the agreement of all the parties in interest.

We are here met with the proposition that such a view might render the same property liable to dower at the suit of two widows. In this case no such difficulty can occur, as the widow of C. L. Knauss was dead when these proceedings were commenced. Were she living it is undoubtedly true that the whole estate of C. L. Knauss would be subject to her dower, while a portion thereof, viz.: that which descended to C. H. Knauss, would also be subject to the dower of his widow, the present plaintiff in error. From this circumstance, it is said that various questions might arise in regard to the relative rights of the two widows, particularly as the right of distress is incident to each. This is an embarrassment with which we need not concern ourselves now. There may be many instances in which the same land is subject to the dower of two widows, and when such case arises, I apprehend the law will be sufficient to dispose of any question arising out of their conflicting rights.

We are of opinion that the warrant of distress in this case was lawfully issued.

> The judgment is reversed, and a procedendo awarded.